**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PETER CERULLO,

   Plaintiff,                            CASE NO.:

-VS-

DITECH FINANCIAL, LLC F/K/A
GREEN TREE SERVICING, LLC
And ROBERTSON, ANSCHUTZ &
SCHNEID,

   Defendants.
_____/

**COMPLAINT**
**AND DEMAND FOR TRIAL BY JURY**

Plaintiff, PETER CERULLO ("Mr. Cerullo" or "Plainitff") alleges violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* ("FDCPA") and Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* ("FCCPA"), against Defendants, DITECH FINANCIAL, LLC F/K/A GREEN TREE SERVICING, LLC and ROBERTSON, ANSCHUTZ & SCHNEID (collectively "Defendants").

**INTRODUCTION**

1.    The FDCPA was enacted as an amendment to the Consumer Credit Protection Act. Its purpose is to "eliminate abusive debt collection practices by debt collectors." Debt collectors are prohibited from threatening or harassing debtors, and their contacts with debtors are restricted. 15 U.S.C. §1692(e).

2.   The FCCPA was devised as a means of regulating the activities of consumer collection agencies within the state of Florida to combat a series of abuses in the area of debtor-creditor relations and to assist consumers experiencing debt harassment or abusive debt collection practices.

## JURISDICTION AND VENUE

3.   Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. §1367 for pendent state law claims.

4.   The alleged violations described herein occurred in Pasco County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

5.   Plaintiff is a natural person, and citizen and resident of Pasco County, Florida.

6.   Defendant, Ditech Financial, LLC f/k/a Green Tree Servicing, LLC ("Ditech") is a debt collection company providing its services throughout the State of Florida, including Pasco County, Florida.

7.   Defendant, Robertson Anschutz & Schneid ("RAS") is a law firm providing debt collection services throughout the State of Florida, including Pasco County, Florida.

8.   All references to any of the Defendants named herein shall also include any of Defendants' predecessors.

9. Ditech services a debt for which Plaintiff was the debtor, namely the loan on Plaintiff's homestead property (the "Alleged Debt").

10. On or about June 23, 2016, Defendants filed a foreclosure action against Plaintiffs, Case No. 512016-CA-002050-CAAXES (the "Foreclosure Action").

11. The Foreclosure Action seeks to collect amounts with respect to the Alleged Debt that are barred by and over the applicable five (5) year statute of limitations period.

12. On or about November 20, 2018, Defendants sent Plaintiff a pay-off demand seeking to collect illegal and improper amounts (the "Pay-Off Demand"). A true and correct copy of the Pay-Off Demand is attached hereto as Exhibit "A" and its contents are incorporated by reference herein.

13. In particular, Defendants seek to collect amounts with respect to the Alleged Debt that are either barred by and over the applicable five (5) year statute of limitations period, and/or otherwise not permitted by applicable law and/or the underlying agreement between the parties to charge such illegal and improper amounts.

14. Such illegal and improper amounts largely result from Defendants attempting or seeking to collect attorneys' and/or court costs from a previous foreclosure case that its predecessor in interest lost against Plaintiff, as Plaintiff was the ruled to be the prevailing party in said prior foreclosure action and Defendants failed to properly seek to tax said prior collect attorneys' and/or court costs.

15. All conditions precedents to this action have been fulfilled, waived or performed.

**COUNT I**
**(Mr. Cerullo vs. Ditech)**

**(Violation of the FDCPA)**

16. Mr. Cerullo incorporates Paragraphs one (1) through fifteen (15) above as if fully set forth herein.

17. This is an action against Ditech for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

18. At all times material hereto: (a) Mr. Cerullo is a 'consumer' within the meaning of the FDCPA; (b) the Alleged Debt is a 'debt' within the meaning of the FDCPA; and (c) Ditech is a 'debt collector' within the meaning of the FDCPA.

19. Ditech engaged in consumer debt collection activities against Mr. Cerullo in regards to amounts allegedly owed pursuant to a consumer debt within the meaning of the FDCPA (the "Debt Collection Conduct").

20. The Debt Collection Conduct includes the conduct as alleged in paragraph numbers thirteen (13) and fourteen (1) above.

21. Ditech's Debt Collection Conduct as described herein is a violation of the following provisions: 15 U.S.C. §1692(e), 15 U.S.C. §1692(e)(2), and 15 U.S.C. §1692(e)(10), which provide:

> *§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>
> *(2) The false representation of—*
>    *(A) the character, amount, or legal status of any debt……*

> *(10) The use of any false representation or deceptive means to collect or attempt to collect any <u>debt</u> or to obtain information concerning a <u>consumer</u>.*

22. Ditech's Debt Collection Conduct as described in this Count is a violation of 15 U.S.C. §1692(f) and (f)(1) which provide in pertinent part that *"[a]debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

> *(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the <u>debt</u> or permitted by law.*

23. As a result of the Debt Collection Conduct and Ditech's violation of the FDCPA as described herein, Mr. Cerullo has been injured.

24. Mr. Cerullo is (a) is entitled to collect his attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, Mr. Cerullo, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT II
### (Mr. Cerullo vs. Ditech)
### (Violation of the FCCPA)

25. Mr. Cerullo. incorporates Paragraphs one (1) through fifteen (15) above as if fully set forth herein.

26. This is an action against Ditech for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

27. At all times material hereto: (a) Mr. Cerullo is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the sued-upon debt is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) Ditech is a 'person' within the meaning of the FCCPA.

28. The Alleged Debt is a "consumer debt," as defined by Florida Statutes, §559.55(1), in that some or all of the debt is an obligation allegedly incurred by Mr. Cerullo for personal, family or household purposes, namely his homestead.

29. Ditech is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Florida Statutes, §559.55 *et seq.*

30. Ditech engaged in consumer debt collection activities against Mr. Cerullo in regards to amounts allegedly owed pursuant to a consumer debt within the meaning of the FCCPA (the "Debt Collection Conduct").

31. The Debt Collection Conduct includes the conduct as alleged in paragraph numbers thirteen (13) and fourteen (1) above.

32. The Foreclosure Action and Pay-Off Demand constitute "communication" as defined by Florida Statutes, §559.55(5).

33. Ditech's Debt Collection Conduct as described in this Count is a violation of Florida Statutes, §559.72(9) which makes it unlawful to "[c]*laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.*"

34. Ditech's business practices and actions were either intentional or grossly negligent.

35. As a result of the Debt Collection Conduct and Ditech's violation of the FCCPA, Mr. Cerullo has been damaged, and Ditech is liable to Mr. Cerullo for actual damages and statutory damages pursuant to Florida Statutes, §559.77.

36. Mr. Cerullo is (a) is entitled to collect his attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

37. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Plaintiff, Mr. Cerullo, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii)

a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

### COUNT III
### (Mr. Cerullo vs. RAS)
### (Violation of the FDCPA)

38. Mr. Cerullo incorporates Paragraphs one (1) through fifteen (15) above as if fully set forth herein.

39. This is an action against RAS for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

40. At all times material hereto: (a) Mr. Cerullo is a 'consumer' within the meaning of the FDCPA; (b) the Alleged Debt is a 'debt' within the meaning of the FDCPA; and (c) RAS is a 'debt collector' within the meaning of the FDCPA.

41. RAS engaged in consumer debt collection activities against Mr. Cerullo in regards to amounts allegedly owed pursuant to a consumer debt within the meaning of the FDCPA (the "Debt Collection Conduct").

42. The Debt Collection Conduct includes the conduct as alleged in paragraph numbers thirteen (13) and fourteen (1) above.

43. RAS' Debt Collection Conduct as described herein is a violation of the following provisions: 15 U.S.C. §1692(e), 15 U.S.C. §1692(e)(2), and 15 U.S.C. §1692(e)(10), which provide:

> ***§1692(e)*** *A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

> *(2) The false representation of—*
>     *(A) the character, amount, or legal status of any debt……*
>
> *(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

44.     RAS' Debt Collection Conduct as described in this Count is a violation of 15 U.S.C. §1692(f) and (f)(1) which provide in pertinent part that *"[a]debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

> *(1)     The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

45.     As a result of the Debt Collection Conduct and RAS' violation of the FDCPA as described herein, Mr. Cerullo has been injured.

46.     Mr. Cerullo is (a) is entitled to collect his attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, Mr. Cerullo, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and

further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT IV
### (Mr. Cerullo vs. RAS)
### (Violation of the FCCPA)

47.     Mr. Cerullo incorporates Paragraphs one (1) through fifteen (15) above as if fully set forth herein.

48.     This is an action against RAS for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

49.     At all times material hereto: (a) Mr. Cerullo is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the sued-upon debt is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) RAS is a 'person' within the meaning of the FCCPA.

50.     The Alleged Debt is a "consumer debt," as defined by Florida Statutes, §559.55(1), in that some or all of the debt is an obligation allegedly incurred by Mr. Allen for personal, family or household purposes, namely his homestead.

51.     RAS is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Florida Statutes, §559.55 *et seq.*

52.     RAS engaged in consumer debt collection activities against Mr. Cerullo in regards to amounts allegedly owed pursuant to a consumer debt within the meaning of the FCCPA (the "Debt Collection Conduct").

53. The Debt Collection Conduct includes the conduct as alleged in paragraph numbers thirteen (13) and fourteen (1) above.

54. The Pay-Off Demand constitutes "communication" as defined by Florida Statutes, §559.55(5).

55. RAS' Debt Collection Conduct as described in this Count is a violation of Florida Statutes, §559.72(9) which makes it unlawful to "[c]*laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.*"

56. RAS' business practices and actions were either intentional or grossly negligent.

57. As a result of the Debt Collection Conduct and RAS' violation of the FCCPA, Mr. Cerullo has been damaged, and RAS is liable to Mr. Cerullo for actual damages and statutory damages pursuant to Florida Statutes, §559.77.

58. Mr. Cerullo is (a) is entitled to collect his attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

59. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Mr. Cerullo respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2);

(ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

STAMATAKIS + THALJI + BONANNO

By: / s / Scott Stamatakis
Scott D. Stamatakis, Esquire
Florida Bar No.:178454
Melissa Thalji, Esquire
Florida Bar No.: 174467
8751 N. Himes Ave
Tampa, Florida 33614
(813) 282-9330 (telephone)
(813) 282-8648 (facsimile)
Notice of Primary Email: Service@MyInjury.com
Counsel for Plaintiff